## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

NICK SPEARS AND EDWARD
MCILHARGEY, INDIVIDUALLY, AND
ON BEHALF OF OTHERS SIMILARLY
SITUATED,

        Plaintiffs,

v.

MEDROBOTICS CORPORATION,
SAMUEL STRAFACE, INDIVIDUALLY,
MARK PETERS, INDIVIDUALLY,

        Defendants.

Civ. Action No. 1:20-cv-10535-RGS

## DEFENDANTS' OPPOSITION TO THE PLAINTIFFS' MOTION TO VACATE DISMISSAL

NOW COME the Defendants, Medrobotics Corporation ("Medrobotics"), Samuel Straface ("Mr. Straface") and Mark Peters ("Mr. Peters") (collectively as the "Defendants") and hereby oppose the Plaintiffs, Nick Spears's and Edward McIlhargey's (collectively as "Plaintiffs") Motion to Vacate the Dismissal in Light of the Defendants' Refusal to Cooperate with the Arbitral Proceedings. As grounds therefore, the Defendants assert that the high standard for relief and/or reconsideration under Fed. R. Civ. P. 60(b) has not been met and/or satisfied. Specifically, the Defendants assert the following: (1) the Court already determined that the Employment Agreement contained a valid and binding arbitration clause; (2) due to the valid and binding arbitration clause, the Court allowed the Defendants' Motion to Dismiss the First Amended Complaint and Compel Arbitration; and (3) the Defendants have not refused to cooperate in the arbitration proceedings

and/or have not engaged in any conduct, which would cause the Plaintiffs prejudice. Accordingly, the Plaintiffs have not provided any justification for relief as required by Fed. R. Civ. P. 60(b).

## I.     <u>INTRODUCTION</u>

As outlined, the Plaintiffs originally filed a Complaint in the United States District Court for the District of Massachusetts against Medrobotics, the Chief Executive Officer, Mr. Straface and the Chief Financial Officer, Mr. Peters. However, the Employment Agreement between each of the Plaintiffs and Medrobotics contained an arbitration clause. Accordingly, on or about May 21, 2020, the Defendants filed a Motion to Dismiss and Compel Individual Arbitration. In response, the Plaintiffs filed a First Amended Complaint against Mr. Straface and Mr. Peters (in an attempt to evade enforcement of the arbitration provision(s)). The Defendants proceeded to file a Motion to Dismiss the First Amended Complaint and Compel Arbitration. On or about July 15, 2020, the Court allowed the Defendants' Motion to Dismiss the First Amended Complaint and Compel Arbitration (and closed the case). Moreover, the Court held that the arbitration provision was enforceable because the Plaintiffs were suing Mr. Straface and Mr. Peters in their official capacities and that "a non-signatory may be bound or acquire rights under an arbitration agreement according to state law principles of agency or contract." <u>Grand Wireless, Inc. v. Verizon Wireless, Inc.</u>, 748 F.3d 1 (1st Cir. 2014).

Thereafter, between August 3, 2020 and September 1, 2020, thirteen (13) individuals initiated cases against Medrobotics, Mr. Straface and Mr. Peters (as well as Medrobotics' board members) at the American Arbitration Association ("AAA").  At this time, the Defendants were represented by attorneys at Troutman Pepper Hamilton Sanders LLP ("TPHS"). During this time, all correspondence was sent to the Defendants' attorneys including requests for the filing fee(s) and documents. However, in mid-to-late August of 2020, TPHS stopped representing the

Defendants in the above-outlined cases. Notwithstanding this fact,  on or about August 26, 2020, Mr. Straface emailed the Plaintiffs' counsel and  AAA to confirm commitment to the proceedings. Mr. Straface wrote, "Medrobotics plans to participate in the arbitration … please forward the required documents for signature and links to payment." (See Exhibit 1). Since all prior communication was forwarded to the Defendants' former attorneys, AAA granted the Defendants an extension to response/provide payment. Shortly thereafter, AAA sent twelve (12) links for payment and the Defendants paid all twelve (12) filing fees on or about their respective due dates. (See Exhibit 2). The Defendants assert that a link for Patrick Dickinson's case (No.: 01-20-0014-5079) was never sent and as a result they were unable to pay. Accordingly, any short delay in the arbitral proceedings were caused by the Defendants' lack of representation. However, the Defendants have retained the undersigned counsel and the matter will proceed towards a timely resolution. Based upon these facts, the  Plaintiffs' allegations that the Defendants "fired TPHS" and "failed to pay the filing fees and/or respond to AAA" in a deliberate attempt thwart the arbitral process and/or evade liability is disingenuous.

## II.    LEGAL STANDARD

Under Fed. R. Civ. P. 60(b)(1)-(6), a court may relieve a party in civil litigation from a final judgment if the party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) certain newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and/or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Relief from judgment pursuant to Fed. R. Civ. P. 60(b) is "committed to the district court's sound discretion." Stonkus v. City of Brockton Sch. Dept., 322 F.3d 97, 100 (1st Cir. 2003). The First Circuit has characterized Rule 60(b) as "a vehicle for extraordinary relief" and held that

motions brought pursuant to that rule should be granted "only under exceptional circumstances." Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 27 (1st Cir. 2006) (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)). A party seeking relief under Rule 60(b) must demonstrate "at a bare minimum, (1) that his/her motion is timely; (2) that exceptional circumstances exist, which favor extraordinary relief; (3) if the judgment is set aside, he/she has the right stuff to mount a potentially meritorious claim or defense; and (4) that no unfair prejudice will accrue to the opposing parties should the motion be granted." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).[1]

## III.   ARGUMENT

### A.   THE DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO ARBITRATE

When an enforceable arbitration agreement exists between the parties, a court may enforce that agreement by staying existing litigation pending arbitration or compelling the parties to arbitrate and dismissing the action. 9 U.S.C. §§ 3, 4. The general rule is that acts inconsistent with the continued assertion of a right may constitute waiver. Hyload, Inc. v. Pre-Engineered Prods., Inc., 308 S.C. 277, 417 S.E.2d 622 (Ct. App. 1992). In determining whether a party to an arbitration agreement, usually a defendant, has waived its arbitration right, federal courts typically have looked to whether the party has actually participated in the lawsuit or has taken other action inconsistent with his/her right. . . . whether there has been a long delay in seeking the stay or whether the enforcement of arbitration was brought up when trial was near at hand. Creative

---

[1] Under Rule 60(b)(3), the movant must show the opponent's misconduct by clear and convincing evidence, that the misconduct substantially interfered with its ability fully and fairly to prepare for, and proceed at trial and/or that the misconduct was knowing or deliberate. Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988). In order for a party to qualify for subsection (6), there must be a showing of "extraordinary circumstances suggesting that the party is faultless in the delay." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 393 (1993).

Solutions Group v. Pentzer Corp., 252 F.3d 28, 32-33 (1st Cir. 2001). However, in order for plaintiffs to prevail on "their claim of waiver, they must show prejudice." Menorah Ins. Co., Ltd. v. INX Reinsurance Corp., 72 F.3d 218, 221 (1st Cir. 1995) (quoting Sevinor v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 807 F.2d 16, 18 (1st Cir. 1986)). Waiver is not to be lightly inferred, and mere delay in seeking [arbitration] without some resultant prejudice to a party cannot carry the day. Page v. Moseley, Hallgarten, Estabrook & Weeden, Inc., 806 F.2d 291, 293 (1st Cir. 1986).

As outlined, in this matter, the Defendants promptly evoked enforcement of the arbitration clause in a Motion to Dismiss the First Amended Complaint and Compel Arbitration. The Court allowed the Defendants' Motion and dismissed the case. After dismissal of the matter, the Plaintiffs filed their respective cases with AAA. As mentioned, during the initial AAA proceedings, the Defendants were represented by attorneys at TPHS. Accordingly, all necessary paperwork, filing fee links and deadlines were send to the Defendants' attorneys at TPHS. However, in mid-to-late August of 2020, the attorney-client relationship between TPHS and the Defendants ended (for reasons unbeknownst to the undersigned counsel). Almost immediately thereafter, on or about August 26, 2020, Mr. Straface emailed AAA (with Plaintiff's counsel on copy) and confirmed the Defendants' commitment to the arbitrations. Mr. Straface wrote, "Medrobotics plans to participate in the arbitration … please forward the required documents for signature and links to payment." The Defendants obtained an extension and proceeded to pay all twelve (12) filing fees within the time provided by AAA.

Unlike the  facts of Brown v. Dillard's Inc., 430 F.3d 1004, 1013 (9th Cir. 2005), Garcia v. Mason Contr. Prods., LLC, No. 08-23103-CIV-TORRES, 2010 U.S. Dist. LEXIS 92869, at *1 (S.D. Fla. Aug. 18, 2010), Sanderson Farms, Inc. v. Gatlin, 848 So. 2d 828, 829

(Miss. 2003) and <u>Stanley v. A Better Way Wholesale Autos, Inc</u>., No. 3:17-cv-01215-MPS, 2018 U.S. Dist. LEXIS 137645 (D. Conn. Aug. 15, 2018), the Defendants in this matter have cooperated with the arbitrator (while seeking new representation) and <u>paid</u> every filing fee within the time provided by AAA.[2] In sharp contrast to the above outlined cases, the Defendants have paid all filing fees and obtained new representation in order to resolve these disputes at the AAA. Consequently, the Plaintiffs' argument that the Defendants' "refusal to arbitrate" and/or "failure to pay the filing fee" constitutes a waiver and/or default is moot. Based upon these facts, the Plaintiffs have not demonstrated "extraordinary circumstances," which is necessary for relief under Fed. R. Civ. P. 60(b). Thus, the Plaintiffs' Motion to Vacate the Dismissal in Light of the Defendants' Refusal to Cooperate with the Arbitral Proceedings must be denied.

In addition, the Defendants were unable to respond to AAA's inquiries regarding representation because they were in the process of obtaining counsel. At the very most, the Defendants' momentary lack of representation in this matter caused a short delay in the arbitral proceedings. However, a short delay in arbitral proceedings (caused by a lack of representation) does not constitute a waiver and/or default under any of the cases cited in the Plaintiffs' Motion. Further, the Defendants have retained the undersigned counsel, which eliminates Plaintiffs' argument/concern regarding proper representation of a corporate entity. Accordingly, the Defendants are not attempting to evade liability and the Plaintiffs <u>will</u> receive their day in the arbitral forum. Based upon these facts, the Plaintiffs have failed to demonstrate that the Defendants' alleged conduct has caused any prejudice and/or undue hardship. Consequently, the Plaintiffs have not demonstrated  "extraordinary and/or exceptional circumstances," which is

---

[2] As mentioned, the Defendants assert that a link for Patrick Dickinson's case was never sent and as a result they were unable to pay. In fact, the Defendants emailed AAA and stated "We believe case # 01-20-0014-5079 may still need to be paid but a link is needed to pay." Accordingly, at all times, the Defendants attempted to cooperate and/or participate in the arbitral process at AAA.

required to relieve a party from final judgment, order or proceeding under Fed. R. Civ. P. 60(b)(6). Therefore, the Plaintiffs' Motion to Vacate the Dismissal in Light of the Defendants' Refusal to Cooperate with the Arbitral Proceedings must be denied.

## IV.    REQUEST FOR RELIEF

WHEREFORE, the Defendants respectfully requests that this Honorable Court enter an order DENYING the Plaintiffs' Motion to Vacate the Dismiss in Light of the Defendants' Refusal to Cooperate with the Arbitral Proceedings.

Respectfully submitted,

**MEDROBOTICS CORPORATION, SAMUEL STRAFACE & MARK PETERS**
By their attorneys,

_____
Kenneth B. Walton (BBO # 562174)
Ken.Walton@lewisbrisbois.com
Lauren A. Farley (BBO # 695782)
Lauren.Farley@lewisbrisbois.com
LEWIS BRISBOIS BISGARRD & SMITH LLP
One International Place, 3rd Floor
Boston, MA 02110
Tel: (857) 313-3933
Dated: November 5, 2020        Fax: (857) 313-3951

## CERTIFICATE OF SERVICE

I, Kenneth B. Walton, Esq., hereby certify that on this 5th day of November, 2020, the within document has been electronically filed with the United States District Court District for the District of Massachusetts and is available for viewing and downloading from the ECF system. I also served a copy of the foregoing document via email on:

Gilbert J. Schipani, Esq.
gil@tflawllc.com
Alexis Smith Hamdan, Esq.
alexis@tflawllc.com
Tempus Fugit Law LLC
183 State Street, Floor 2
Boston, MA 02109


_____
Kenneth B. Walton,  Esq.

# EXHIBIT 1

From: Samuel Straface <sstraface@medrobotics.com>
Sent: Wednesday, August 26, 2020 4:16 PM
To: Employment Filing Team <EmploymentFiling@adr.org>
Cc: alexis@tflawllc.com; Smith, David S. <David.Smith@Troutman.com>
Subject: Medrobotics Corp And Arbitrations


*** External E-Mail – Use Caution ***


Good Afternoon,


Medrobotics Corporation has received correspondence for the following cases:


    1. Case 01-20-0010-9112 (Luis Perez) -- see attached document
    2. Case 01-20-0010-9114 (Benjamin Scott) -- paylink sent
    3. Case 01-20-0010-9115 (Bobby Gordon) -- paylink sent
    4. Case 01-20-0010-9122 (Jim McClear) -- paylink sent
    5. Case 01-20-0010-9123 (Ron Lewis) -- paylink sent
    6. Case 01-20-0010-9125 (Jose Raposo) -- see attached document
    7. Case 01-20-0010-9129 (Mauricio Campbell) -- see attached document
    8. Case 01-20-0010-9314 (Keith Pautz) -- paylink sent


Medrobotics plans to participate in the arbitrations and requests to sign any necessary documents and make necessary payments as soon as possible.


Please forward required documents for signature and links to payment.


Thank you,

**SAMUEL STRAFACE, PH. D.**


President & CEO

Medrobotics Corporation

475 Paramount Drive,

Raynham, Massachusetts 02767 USA


Email: SStraface@Medrobotics.com

Company:      +1-508-692-6460

Direct Telephone: +1-617-818-4466
Facsimile:      +1-508-823-1703
www.Medrobotics.com


This message is intended for the addressee only as it contains  private and confidential information. The contents are not to be disclosed to anyone other than the addressee. Unauthorized recipients are requested to comply with the above and to inform the sender immediately of any errors in transmission.

# EXHIBIT 2

| Name | AAA Initial Filing Date | Original Date Payment of Filing Fee Due From Respondents | Extension Given To Pay Filing Fee (now due) | Further Extension Given to Pay Filing Fee (now due) | Receipt of Payment Confirmation |
|---|---|---|---|---|---|
| Christopher Barnes | September 1, 2020 | September 30, 2020 | October 15, 2020 | N/A | October 16, 2020 |
| Mauricio Campbell | August 3, 2020 | September 10, 2020 | September 25, 2020 | N/A | September 25, 2020 |
| Patrick Dickinson | August 19, 2020 | September 10, 2020 | October 6,2020 | N/A | Failed to Pay |
| Bobby "Trae" Gordon | August 3, 2020 | August 28, 2020 | N/A | N/A | September 1, 2020 |
| Rickey Kallicharan | August 18, 2020 | September 28, 2020 | N/A | N/A | September 28, 2020 |
| Ron Lewis | August 3, 2020 | August 31, 2020 | N/A | N/A | September 1, 2020 |
| Jim McClear | August 3, 2020 | August 27, 2020 | N/A | N/A | September 3, 2020 |
| Edward Mcilhargey | August 11, 2020 | August 25, 2020 | September 10, 2020 | September 25, 2020 | September 25, 2020 |
| Keith Pautz | August 3, 2020 | September 3, 2020 | N/A | N/A | September 4, 2020 |
| Luis Perez | August 3, 2020 | September 11, 2020 | September 18, 2020 | N/A | September 21, 2020 |
| Jose Raposo | August 3, 2020 | September 10, 2020 | September 25, 2020 | N/A | September 25, 2020 |
| Paul Remillard | September 8, 2020 | October 6, 2020 | N/A | N/A | October 8, 2020 |
| Benjamin Scott | August 3, 2020 | August 26, 2020 | N/A | N/A | September 1, 2020 |